CHERYL C. ROUSE (State Bar No. 118313)
NORMAN P. BAHLERT (State Bar No. 135693)
LAW OFFICES OF ROUSE & BAHLERT
1246 18th Street
San Francisco, CA 94107
Mailing Address:
1459 18th Street, #104
San Francisco, CA 94107
Tel (415) 575-9444
rblaw@ix.netcom.com

Attorneys for Plaintiff
David Caulley, Personal Representative
of the Estate of Harry E. Caulley

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>CHRISTINA MARIE LaFAVE,<br><br>Debtor.<br>_____<br><br>DAVID CAULLEY, PERSONAL REPRESENTATIVE OF THE ESTATE OF HARRY E. CAULLEY,<br><br>Plaintiff,<br>v.<br><br>CHRISTINA MARIE LaFAVE,<br><br>Defendants<br>_____ | Case No.: 21-40597<br><br>Chapter 7<br><br><br><br>Adv.Pro.No.<br><br>**COMPLAINT TO DETERMINE THE NONDISCHARGEABLITY OF DEBT UNDER 11 U.S.C. §523 (a)(2)(A) and 11 U.S.C. §523 (a)(4)** |

Plaintiff David Caulley, Personal Representative of the Estate of Harry E. Caulley, hereby files this Complaint and alleges as follows:

**I.    JURISDICTION AND VENUE**

1.    The Debtor filed her Voluntary Petition under Chapter 7 of the United States Bankruptcy Code in the herein-above Court on or about April 28, 2021.

2.    This court has jurisdiction over this adversary proceeding under the provisions

Complaint for Nondischargeability of Debt    1

of Title 28 U.S.C. §1334. This adversary proceeding is brought pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4) and Bankruptcy Rule 7001(6). This is a core proceeding pending under 28 U.S.C. §157(b)(2)(I). This adversary proceeding relates to the case of <u>In re Christina Marie LaFave</u>, Case No. 21-40597, Chapter 7, pending in the United States Bankruptcy Court for the Northern District of California, Oakland Division. Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

## II. PARTIES

3. Plaintiff David Caulley is the Personal Representative of the Estate of Harry E. Caulley. *The Matter of the Estate of Harry E. Caulley* is pending in the Circuit Court of Florence County, state of Wisconsin, Case No. 2017 PR 2 (the "Probate Matter").

4. Defendant Christina Marie LaFave ("LaFave") is the debtor herein.

## III. FACTUAL ALLEGATIONS

5. LaFave obtained a power of attorney with respect to the savings account of Harry E. Caulley ("Harry") that Harry maintained at the U.P. State Credit Union located in Escanaba, Michigan. On November 9, 2016, acting under the power of attorney, LaFave closed that savings account and the Credit Union issued a check to LaFave, endorsed as "Power of Attorney, Christina LaFave" in the amount of $14,412.21. Harry died three days later on November 12, 2016. At all times, these were funds which belonged to the Estate of Harry E. Caulley (the "Estate") LaFave used the sum of $4,495 to pay for Harry's funeral expenses and retained the sum of $9,917.00.

6. On or about February 2, 2017, LaFave filed for Informal Administration and Consent to Serve as Personal Representative of the Estate, commencing the Probate Matter. On the Waiver and Consent Form, filed on February 8, 2017, LaFave referenced a will dated 12/21/06. However, there was a later will dated April 21, 2011 executed by Harry, in which the beneficiaries were the two sons of Harry. Plaintiff saw the will at or around the time that it was executed. The original will was contained in a file in the file cabinet in Harry's house. Without the knowledge or consent of Plaintiff or the other beneficiaries, after Harry's death,

LaFave emptied Harry's house of all of its contents, including the file cabinet containing Harry's papers. Based upon this, Plaintiff believes that LaFave destroyed the 2011 will. On or about February 22, 2017, Plaintiff contested LaFave being appointed as the Personal Representative of the Estate and made a demand for formal proceedings to be instituted. The Probate Matter designation was changed from Informal Administration to Formal Administration. In addition, the 2006 will was contested and was not admitted to the Probate Matter.

      7.     At a hearing held in the Probate Matter on April 18, 2017, Plaintiff was appointed by the court as the Personal Representative of the Estate.

      8.     On January 24, 2019, an Order was entered by the court, based upon the stipulation of LaFave, that stated that LaFave was "not a beneficiary of the estate in any way."

      9.     Despite repeated demands for an accounting and turnover of the $9,917.00 remaining in Estate funds in the possession of LaFave, LaFave refused to account for or return the funds. In addition, after Harry's death, LaFave emptied the contents of the Estate home and took many valuable items of personal property. Plaintiff witnessed the sale of many of these items on Ebay by LaFave. Despite Plaintiff's repeated demands, LaFave failed to return any of the items, nor did she return the proceeds from any items which she may have sold. Plaintiff, upon information and belief, estimated the value of these items to be $10,000.

      10.     Further, LaFave without the knowledge or consent of Plaintiff or the other beneficiaries rented the Estate home to third parties and received $1,600 in rent, which LaFave kept and did not turn over to the Estate.

      11.     On May 21, 2019, Plaintiff filed a Petition to Order Return of Estate Assets ("Petition"). Said Petition was made pursuant to Wisconsin Statute 879.61 which permits the Personal Representative to petition the court when the Personal Representative suspects that any person has stolen property of the estate. Said Petition requested that the court order LaFave to appear before the court and to turn over the sums of (1) $9,917 from Harry's bank account; (2) $10,000 for the estate's personal property; and (3) $1,600 for rent collected, for a total amount of $21,517.00. Attached hereto as Exhibit "A" is a true and correct copy of said

Petition.

12. An initial hearing on the Petition was held on June 18, 2019. LaFave appeared through counsel, Devin C. Shanley. LaFave was ordered to provide the court and Plaintiff with a detailed written response to the Petition within 20 days, setting forth her specific objections to the amounts claimed in the Petition.

13. LaFave failed to file any response. On August 29, 2019, Plaintiff filed a Motion for Judgment, which requested that court order LaFave to turn over the sum of $21,517 to the court within 30 days. Attached hereto as Exhibit "B" is a true and correct copy of said Motion.

14. On September 6, 2019, an Order for Return of Estate Assets was filed. LaFave was ordered to turn over the sum of $21,517 to Plaintiff within 30 days. Attached hereto as Exhibit "C" is a true and correct copy of said Order.

15. On October 14, 2019, Plaintiff executed an Affidavit which attested to LaFave's failure to pay the sum of $21,517 to Plaintiff, which Affidavit was submitted to the court. Attached hereto as Exhibit "D" is a true and correct copy of said Affidavit.

16. On November 13, 2019, the court entered Judgment in favor of the Estate and against LaFave in the amount of $21,517. Attached hereto as Exhibit "E" is a true and correct copy of said Judgment. The Judgment was not appealed. Per Wisconsin Statute 815.05(8), interest on the Judgment has been accruing at the rate of 4.25% per annum since November 13, 2019. Therefore, as of July 26, 2021, interest has accrued to date in the amount of $1,549.47 and will continue to accrue at the per diem rate of $2.50.

## IV.

## FIRST CLAIM FOR RELIEF
## (FOR THE DETERMINATION OF NONDISCHARGEABILITY
## OF DEBT UNDER 11 U.S.C. §523 (a) (2)(A) FOR ACTUAL FRAUD)

17. Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth hereinbelow.

18. The United States Supreme Court decision in *Husky International Electronics,*

*Inc. v. Daniel Lee Ritz, Jr.*, 136 S.Ct.1581, 1586 (2016), held that "(t)he term 'actual fraud' in §523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation."  Further, "Actual fraud" has two parts: actual and fraud. The word "actual" has a simple meaning in the context of common-law fraud: It denotes any fraud that "involv[es] moral turpitude or intentional wrong." *Neal v. Clark*, 95 U.S. 704, 709, 24 L.Ed. 586 (1878). "Actual" fraud stands in contrast to "implied" fraud or fraud "in law," which describe acts of deception that "may exist without the imputation of bad faith or immorality." *Ibid*. Thus, anything that counts as "fraud" and is done with wrongful intent is "actual fraud." *Id*. at 1586.

19. In this case, LaFave, using the vehicle of the Power of Attorney, knowingly and with wrongful intent, closed Harry's saving account and obtained the funds from that account, keeping the sum of $9,917.00 for her own use. In addition, LaFave was never appointed as the personal representative of the Estate and stipulated that she was not a beneficiary of the Estate. Nonetheless, she emptied the Estate home of its contents, took the personal property of the Estate, selling many items on Ebay, and rented the Estate home to third parties, keeping the rent.  Although represented by counsel and provided with an opportunity to dispute these allegations by the court, she never disputed these matters nor returned the money or the items to the Estate.  These actions constitute actual fraud under 11 U.S.C. §523(a)(2)(A) and the *Husky* decision.

WHEREFORE, Plaintiff prays for judgment against the defendant under 11 U.S.C. §523(a)(2)(A).

## V.

### SECOND CLAIM FOR RELIEF
### (FOR THE DETERMINATION OF NONDISCHARGEABILITY
### OF DEBT UNDER 11 U.S.C. §523 (a) (4) FOR EMBEZZLEMENT
### AND LARCENY)

20. Plaintiff hereby incorporates and realleges each and every allegation set forth in paragraphs 1 through 19, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth hereinbelow.

21.     LaFave was never appointed as the personal representative of the Estate and stipulated that she was not a beneficiary of the Estate.

22.     LaFave obtained the funds from Harry's savings account through use of a power of attorney. The money on deposit in the savings account belonged to Harry and after his death, three days later, to the Estate. LaFave has repeatedly failed to return or account for the $9,917.00, which was fraudulently appropriated by LaFave for her own use. She failed to do so despite the order of the Wisconsin probate court. Therefore, a finding of embezzlement based upon these facts is appropriate.

23.     "Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner. *In re Nahabedian*, 87 B.R. 214, 215 (S.D.Fla.1988); *In re Hoffman*, 70 B.R. 155, 161 (W.D.Ark.1986)" *In re Rose*, 934 F.2d 901, 903 (7th Cir. 1991)   In this case, LaFave wrongfully and with fraudulent intent emptied the Estate home of its contents, took the personal property of the Estate, selling many items on Ebay, and rented the Estate home to third parties, keeping the rent.

24.     Although represented by counsel and provided with an opportunity to dispute these allegations by the court, LaFave never disputed these matters nor returned the money or the items to the Estate.

WHEREFORE, Plaintiff prays for judgment against defendant under 11 U.S.C. §523(a)(4).

WHEREFORE, Plaintiff prays for judgment against defendant as hereinafter set forth:

<u>On the First Claim for Relief Under 11 U.S.C. §523(a)(2)(A), as follows:</u>

1     For determination that the Judgment entered against defendant on November 13, 2019 in the amount of $21,517.00, together with post-judgment interest at the rate of 4.25% per annum pursuant to Wisconsin law, is nondischargeable under 11 U.S.C. §523(a)(2)(A);

2.     Or in the alternative, for judgment against defendant and in favor of plaintiff, and that the judgment is nondischargeable under 11 U.S.C. §523(a)(2)(A); and

3.     For such other and further relief as the Court deems just and proper.

<u>On the Second Claim for Relief Under 11 U.S.C. §523(a)(4), as follows:</u>

1     For determination that the Judgment entered against defendant on November 13, 2019 in the amount of $21,517.00, together with post-judgment interest at the rate of 4.25% per annum pursuant to Wisconsin law, is nondischargeable under 11 U.S.C. §523(a)(4);

2.    Or in the alternative, for judgment against defendant and in favor of plaintiff, and that the judgment is nondischargeable under 11 U.S.C. §523(a)(4); and

3.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 26, 2021        LAW OFFICES OF ROUSE & BAHLERT

BY:  /s/ Cheryl C. Rouse
CHERYL C. ROUSE
Attorneys for Plaintiff
David Caulley, Personal Representative
of the Estate of Harry E. Caulley